Can the attorneys on State Farm v. Trujillo step up to the podium and identify yourselves for the record? Good morning. Good morning, Your Honors. Jim O'Day on behalf of State Farm Insurance Company. Good morning, Your Honor. Rafael Selesky on behalf of Mr. Trujillo, defendant, appellant. Mr. Selesky, we're going to give you 15 minutes per side. Did you want to reserve some of that 15 minutes for rebuttal? I wanted to reserve 3 minutes for rebuttal. Great. All right. Thank you. Mr. Selesky, you can proceed. Mr. O'Day, why don't you have a seat? Thank you. May it please the Court, the appellant is appealing from the Circuit Court's decision of August 17, 2017 and October 26, 2017, barring the defendant from rejecting an arbitration award in this matter. Defendant appellant did not appear for the arbitration hearing in this case and was subsequently barred from rejecting the award in this matter. The arbitration panel, however, did find that Mr. Trujillo did participate in good faith through his attorney. Defendant appellant was barred from rejecting the award as he did not comply with Rule 237 notice and didn't appear in person for the arbitration in this matter. According to Rule 237, if a party fails to appear for arbitration, a court may order sanctions as provided in Rule 219. Was there an order indicating that to the parties before the arbitration? I don't believe there was an order. No? I don't think there was. Okay. The goal of Rule 219 is not to punish, but to ensure that matters and discovery are handled efficiently. Let me ask you one question. Do you have any case that holds when somebody doesn't appear pursuant to a notice to produce that the matter is not barred? Yes. So, the case that I cite in my... In the Johnson case, there was confusion and miscommunication, so the person went to the wrong place. So, they had a reason for not being there. Correct. But in your case, I don't see any reasons. Well, Judge, I believe that in the Johnson case and also in the Nationwide Mutual Insurance Company v. Colgate case, there's discussion of deliberate, basically, deliberately not showing up to the arbitration hearing. Well, is there anything in the record that shows why your client wasn't there? Well, Judge, I believe there is. And what is it? In the motion to reconsider, there were attachments which included an affidavit from the... Basically, letters from the attorney to the insured telling them when the arbitration hearing is to be, where it's supposed to be, and for him to come. There was no showing of a complete, deliberate disregard for rules. Well, I mean, he didn't appear. He did not appear. Correct. Was there any... Oh, sorry. Is there any evidence to show why he didn't appear? There's no evidence in the record as to why he did not appear. And is there any indication in the record that he didn't get the notification? No. Okay. So, under case law, under case law, and there's so many cases, I don't see how you could prevail in this case if there's nothing in the record to show why he did not appear. Well, Judge, in the nationwide case, and I know this Court is very familiar with this case, there was a segregation action. And both parties were represented by counsel, just as in this case. However, the plaintiff did not produce the insurer. Also, just as in this case, there was a finding of good faith participation. I would basically argue that, just as in nationwide versus COVID, there was no deliberate disregard for the rules, and therefore... Well, how could you say that when there's no affidavit or anything in the record to show why he wasn't there? I mean, you have to have a record as to why he didn't appear. I mean, he was sick, he was out of town, something to show that it's not a deliberate violation. You have to have that, because you're just saying he didn't appear and he didn't violate any rules because it wasn't deliberate. Well, how do we know that? Well, if you look at the case law in the Koshanak, I believe it's the Koshanak case, in that case, there was always a record in every case as to why somebody did not appear. In your case, there's no record of why he did not appear. I would argue, again, that the attorney in this case and the law firm representing Mr. Trujillo did everything to make sure that he did appear. Oh, I'm not saying the lawyer did anything wrong. I'm sure he wanted his client there, but the question is, the client wasn't there. And you have no reason to show us why he wasn't there. That's the problem with the case. But go ahead, proceed with your argument. Again, one violation, or basically, Rule 219 envisions, or let me back up a little bit, entering an order, entering a judgment is a drastic measure. And Rule 219 deals with situations such as this. I believe that one violation where the party does not appear in violation of Rule 237 does not warrant such a drastic measure as to enter a judgment against them. And so, again, if you look at this, you can see that we're talking about a case where the trial court could have done what the trial court could have done. How can we, just briefly, how can we say a court abused its discretion? That's the standard review, right? Correct. How can we say that in this case when you have not provided us with any transcript or bystander's report or anything else? How do we know that the court abused its discretion? Well, the trial court could have stayed the arbitration proceeding, continued the arbitration proceeding. They could have awarded attorney's fees to the plaintiff. No, there's other options available. It's just that when we're looking at an abuse of discretion, we have to review whether it was arbitrary, fanciful, or capricious. Actually, it's the most deferential standard of review. So I don't know how we do that when we don't have any hearing that we can rely on to say that the judge here abused her discretion. I understand. Okay. Again, I'm going to reiterate my prior argument and state that the trial court could have, they have other options in this case. There's only one violation of Rule 237, which is entering an order and basically barring a litigant from rejecting the arbitration award and not proceeding to trial in the merits is a bit drastic. As such, we would ask that the appellate court vacate the orders of August 14th and August 26th of 2017. And that this matter be remanded back to trial court for further proceedings. Thank you, Mr. Selesky. Thank you. Mr. O'Day. May it please the Court. The first thing counsel touched upon was that he found that the panel made a good faith finding. I think good faith is irrelevant in connection with this case because we're not here under a 91B ruling by Judge Gubin. Judge Gubin ruled under Rule 90G. Rule 90G states that the provisions of 237 are equally applicable to arbitration hearings and a party's failure to comply with the notice may include an order debarring that party from rejecting the award. I think these arguments about Rule 91, 91A and B, and Rule 219C are all red herrings. They have nothing to do with Judge Gubin's ruling in connection with this case. For counsel to prevail here today, he would have you find that Judge Gubin abused her discretion in connection with this case. She did nothing of the sort. She gave them plenty of time to come up with a reason why Mr. Tugelo did not attend the arbitration hearing. They chose not to present anything at the original motion, and then they filed a motion to reconsider and said, well, here's letters we sent to him, and Judge Gubin correctly said, that's not newly discovered evidence, and, indeed, it is no evidence that he, as to why he wasn't there. In fact, it shows that he had notice from his own counsel that he should have been there, and he didn't show. They had plenty of time. They presented no affidavit in connection with this case. They keep saying that this is too harsh of a sanction and to enter judgment. Well, the fact of the matter is the sanction arose from them being debarred. That's one section. You are debarred under Rule 90G, counsel. The thing that flows from the debarring is now we're going to enter a judgment on the award. She didn't just say, we're entering default judgment against your client. She did the proper two-step process in connection with this case and entered a judgment on the award, which was improperly rejected by the defendant. The defendant cites to the Johnson case and the Nationwide case, those were all Rule 91B findings. And in one case, they said the judge abused his discretion because Ms. Johnson, or, yeah, Ms. Sayers, went to the Daly Center, and she had a language problem. She didn't come to the Arb Center. But the judge found it was reasonable, or it was unreasonable, and the appellate court reversed and said, no, you've got to give her a break. On the Nationwide case, I believe that's the one where the insured didn't show, and the court correctly found that the insured of a party is not a party. And as further case law has shown through State Farm v. Harman, if the defendant wants the insured to be at the arbitration hearing, they have to issue a subpoena because the insured is not a party to the action. So for these reasons, I don't ‑‑ in fact, Judge Goodman ruled based on 90G, and the defendant's entire brief, the entire opening brief, doesn't mention that rule. It keeps mentioning Rule 91B and 219C. Now, Rule 237 does say that the judge can enter sanctions pursuant to 219C, but those are discovery sanctions. 237 is compelling witnesses and documents at a trial or other evidentiary hearing, which is made applicable to arbitration specifically by our Supreme Court in Rule 90G. For those reasons, I think Judge Goodman's ruling should stand. Thank you, Mr. Goodman. Thank you. Mr. Stileski. In response, I believe that the opening brief of the appellant does discuss Rule 90G, which plaintiff appellee states was not discussed in the opening brief, and it's discussed thoroughly through the Johnson case. Again, barring someone from rejecting an arbitration award because they did not comply with Rule 237, and that is the only violation of any court rules or court orders, is a drastic sanction. And in effect, when you bar someone from rejecting an award, it's equivalent to entering a judgment order against them. As such, I would argue that, again, it is a drastic sanction. Thank you. Thank you, Mr. Stileski. The Court will take matter under advisement. I issue a ruling as soon as possible. Court is adjourned.